Honorable Timothy W. Dore
Chapter 7

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| In Re: | ) | |
| Adeil M. Abdelrahman, | ) | Case No. 19-13634 |
| Debtor. | ) | |
| | ) | |
| United States Trustee for Region 18, | ) | |
| Plaintiff, | ) | Adversary No. |
| v. | ) | COMPLAINT TO DENY DEBTOR'S DISCHARGE |
| Adeil M. Abdelrahman, | ) | |
| Defendant. | ) | |

The Acting United States Trustee for Region 18, for claims against defendant Adeil M. Abdelrahman (the "Defendant"), asserts and alleges as follows:

**PARTIES**

1. The plaintiff is the United States Trustee for Region 18, which includes the Western District of Washington. The United States Trustee has standing to bring this action under 11 U.S.C. §§ 307 and 727(c)(1).

2. The Defendant is the debtor in the above-captioned chapter 7 bankruptcy case, no. 19-13634 (the "Indiv. Case").

COMPLAINT TO DENY DISCHARGE - 1

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 20-01022-TWD    Doc 1    Filed 03/06/20    Ent. 03/06/20 11:51:27    Pg. 1 of 7

## JURISDICTION AND VENUE

3. This is an adversary proceeding to deny the Defendant's discharge, brought pursuant to 11 U.S.C. § 727(a)(7) and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J), and the United States Trustee consents to adjudication and entry of final orders and judgments by the Bankruptcy Court for any and all matters arising in, or relating to, this adversary proceeding.

5. Venue is proper pursuant to 28 U.S.C. § 1409(a).

## FACTUAL ALLEGATIONS

6. On October 3, 2019, (the "Indiv. Petition Date") the Defendant caused to be filed a voluntary chapter 7 petition in the Western District of Washington, thereby initiating the Indiv. Case.

7. The deadline for objections to discharge in the Indiv. Case was extended to and including March 6, 2020.

8. On October 3, 2019 (the "Corp. Petition Date"), the Defendant caused to be filed a voluntary chapter 7 petition in the Western District of Washington for Eastgate Mobility Inc. (the "Corporation"), thereby initiating case no. 19-13632 (the "Corp. Case").

9. The Defendant was the sole shareholder of the Corporation on the Corp. Petition Date, and the sole or primary person responsible for the business operations of the Corporation during the time frame addressed herein.

10. Ronald G. Brown was appointed chapter 7 trustee in the Corp. Case (the "Corp. Case Trustee")

11. In conjunction with the Corp. Case, the Defendant filed schedules of assets and liabilities (collectively, the "Corp. Schedules"), and a statement of financial affairs (the "Corp. SOFA"). Together, the Corp. Schedules and Corp. SOFA are referred to collectively as the "Corp. Bankruptcy Documents."

COMPLAINT TO DENY DISCHARGE - 2

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 20-01022-TWD    Doc 1    Filed 03/06/20    Ent. 03/06/20 11:51:27    Pg. 2 of 7

12. The Defendant signed the Corp. Bankruptcy Documents under penalty of perjury.

13. On November 8, 2019, the initial meeting of creditors was held in the Corp. Case (the "Initial Corp. Creditors' Meeting"). At the Initial Corp. Creditors' Meeting, the Defendant testified that: he had read and signed the Corp. Bankruptcy Documents; the information in the Corp. Bankruptcy Documents was true and correct; there were no corrections or changes to bring to the Corp. Case Trustee's attention; and that he listed all of the Corporation's assets, debts, and creditors in the Corp. Bankruptcy Documents.

14. At the Initial Corp. Creditors' Meeting in response to the Corp. Case Trustee's express question about whether there were any transfers of assets in the two years prior to the Corp. Petition Date that were not otherwise disclosed in the Corp. Bankruptcy Documents, the Defendant admitted and testified that multiple vehicles had been transferred prepetition (collectively, the "Prepetition Vehicle Transfers").

15. The Defendant also testified at the Initial Corp. Creditors' Meeting that one of the Prepetition Vehicle Transfers was made as a gift, and the rest were to former drivers for the Corporation who were owed money for loans or salaries; and that the Corporation did not receive any money in exchange for transfer of the vehicles.

16. The Prepetition Vehicle Transfers included, without limitation, the following:

| Vehicle Description | Vin no. | Date of Transfer |
|---|---|---|
| 2012 Ford Econoline Van | X4105 | 4/20/19 (gift) |
| 2013 Ford Econoline Van | X2270 | 5/1/19 (gift) |
| 2012 Toyota Camry | X4710 | 8/20/19 (gift) |
| 2009 Ford Econoline Van | X7102 | 8/23/19 (gift) |
| 2011 Toyota Camry | X4893 | 8/23/19 (gift) |
| 2011 Ford Econoline Van | X2063 | 8/23/19 |
| 2013 Ford Econoline Van | X4527 | 8/23/19 (gift) |
| 2014 Ford Econoline Van | X1112 | 8/23/19 (gift) |
| 2011 Toyota Camry | X1768 | 9/6/19 |

COMPLAINT TO DENY DISCHARGE - 3

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 20-01022-TWD   Doc 1   Filed 03/06/20   Ent. 03/06/20 11:51:27   Pg. 3 of 7

|   |   |   |
|---|---|---|
| 2014 Ford Econoline Van | X8470 | 9/16/19 |
| 2016 Toyota Prius | X4975 | 10/2/19 |
| 2012 Ford Econoline Van | X8347 | 10/2/19 |
| 2016 Toyota Camry | X2190 | 10/3/19 |

17. The Defendant transferred vehicles belonging to the Corporation after the Corp. Petition Date without seeking or obtaining authority of the Bankruptcy Court and without the knowledge or consent of the Corp. Case Trustee (the "Postpetition Vehicle Transfers").

18. The Postpetition Vehicle Transfers included, without limitation, the following:

| Vehicle Description | Vin no. | Date of Transfer |
|---|---|---|
| 2008 Toyota Prius | X1999 | 10/7/19 (gift) |
| 2009 Ford Econoline Van | X6902 | 10/21/19 |
| 2014 Ford Econoline Van | X8791 | 10/21/19 |

19. According to the Department of Motor Vehicle's public records, at least seven of the Prepetition Vehicle Transfers and one of the Postpetition Vehicle Transfers were gifts for which the use tax was waived.

20. In response to question no. 3 on the Corp. SOFA, the Defendant declared that the Corporation did not make any payment or transfer with an aggregate value of $6,825 or more to a creditor within 90 days of the Corp. Petition Date.

21. In response to question no. 4 on the Corp. SOFA, the Defendant declared that the Corporation did not make any payment or transfer of property in an aggregate amount of $6,825 or more within one year of the Corp. Petition Date that benefited an insider.

22. In response to question no. 9 on the Corp. SOFA, the Defendant declared that the Corporation did not make any gift or charitable contribution with an aggregate value of $1,000 or more within two years of the Corp. Petition Date.

23. In response to question no. 13 on the Corp. SOFA, the Defendant declared that there were no undisclosed transfers of money or other property by sale, trade or other means within two years of the Corp. Petition Date other than property transferred in the ordinary course of business or financial affairs.

COMPLAINT TO DENY DISCHARGE - 4

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 20-01022-TWD    Doc 1    Filed 03/06/20    Ent. 03/06/20 11:51:27    Pg. 4 of 7

24. The Prepetition Vehicle Transfers are not disclosed in the Corp. Schedules or the Corp. SOFA.

25. The Defendant has never amended the Corp. Schedules or Corp. SOFA to disclose the Prepetition Vehicle Transfers.

26. The Prepetition Vehicle Transfers and the Postpetition Vehicle Transfers themselves, and the Defendant's concealment and false oaths related to the Prepetition Vehicle Transfers, has materially and negatively affected the Corp. Case Trustee's ability to administer the Corp. Case.

27. The Defendant concealed, or failed to keep and preserve, contracts, receipts, bills of sale, or other such documents relating to the Prepetition Vehicle Transfers.

28. The Defendant concealed, or failed to keep and preserve, contracts, receipts, bills of sale, or other such documents relating to the Postpetition Vehicle Transfers.

29. The Defendant's concealment, or failure to keep or preserve documents relating to the Prepetition Vehicle Transfers and the Postpetition Vehicle Transfers was not justified under all of the circumstances of the Corp. Case.

30. The complete absence of documents relating to the Prepetition Vehicle Transfers and the Postpetition Transfers makes it difficult, if not impossible, to understand the Corporation's financial condition and business transactions.

31. As of the Corp. Petition Date, the Corporation was not maintaining bank statements and other banking records relating to its business activities. Upon information and belief, the Defendant has not provided bank statements and other financial documents requested by the Corp. Case Trustee that are deemed necessary to understand the Corporation's business activities.

32. On August 6, 2018, creditor Hamza Abdellghani filed a complaint against the Corporation in the King County Superior Court, case no. 18-2-19728-7 KNT, seeking, among other things, an accounting with respect to the Corporation's business activities (the "Creditor Suit"). The complaint was subsequently amended to name the Defendant, his spouse, and the community, as a defendant.

COMPLAINT TO DENY DISCHARGE - 5

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 20-01022-TWD    Doc 1    Filed 03/06/20    Ent. 03/06/20 11:51:27    Pg. 5 of 7

33. On September 6, 2019, a judgment for contempt sanctions against the Defendant and the Corporation in the amount of $18,954 was entered in the Creditor Suit, based in part on the Defendant's filing of five fraudulent declarations in that litigation.

34. Also on September 6, 2019, the King County Superior Court granted partial summary judgment in the Creditor Suit and entered a Judgment in the amount of $4,660,561.65 against the Defendant and the Corporation relating to breaches of fiduciary duty.

**CLAIM FOR RELIEF**

11 U.S.C. § 727(a)(7)

(Concealments, Transfer of Assets; Lack of Records; False Oaths)

35. Paragraphs 6 through 34 are hereby incorporated.

36. As recited above, in satisfaction of the elements of § 727(a)(2)(A), the Defendant concealed assets of the Corporation, and transferred property of the Corporation, within one year of the Corp. Petition Date with the intent to hinder, delay or defraud creditors and/or the Corp. Case Trustee.

37. As recited above, in satisfaction of the elements of § 727(a)(2)(B), the Defendant concealed assets of the Corporation's estate, and transferred property of the Corporation's estate, after the Corp. Petition Date with the intent to hinder, delay or defraud creditors and/or the Corp. Case Trustee.

38. As recited above, in satisfaction of the elements of § 727(a)(3), the Defendant has concealed, destroyed, or failed to keep or preserve recorded information from which the Corporation's financial condition or business transactions might be ascertained, and such acts or failure to act was not justified under all of the circumstances of the case.

39. As recited above, in satisfaction of the elements of § 727(a)(4), the Defendant knowingly and fraudulently, in connection with the Corp. Case, made false oaths in the Corp. Bankruptcy Documents and at the Initial Corp. Creditors' Meeting.

40. The applicable acts set forth above committed by the Defendant occurred in connection with the Corp. Case, within one year of the date of the Indiv. Petition Date.

COMPLAINT TO DENY DISCHARGE - 6

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 20-01022-TWD    Doc 1    Filed 03/06/20    Ent. 03/06/20 11:51:27    Pg. 6 of 7

41. The Corp. Case concerns an insider of the Defendant.

WHEREFORE, the United States Trustee prays for relief as follows:

A. That the Court enter a judgment denying the discharge of the Defendant pursuant to 11 U.S.C. § 727(a)(7); and

B. For such other and further relief as the Court deems just and equitable.

DATED this 6th day of March, 2020

Respectfully submitted,

Gregory M. Garvin
Acting United States Trustee for Region 18

By: /s/ Martin L. Smith
Martin L. Smith, WSBA #24861
Attorney for United States Trustee
for Region 18

COMPLAINT TO DENY DISCHARGE - 7

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 20-01022-TWD    Doc 1    Filed 03/06/20    Ent. 03/06/20 11:51:27    Pg. 7 of 7