Honorable Timothy W. Dore
Chapter 7
*Ex Parte*

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re:<br><br>Adeil M. Abdelrahman,<br><br>      Debtor,<br>_____<br><br>United States Trustee,<br><br>      Plaintiff,<br><br> v.<br><br>Adeil M. Abdelrahman,<br><br>      Defendant.<br>_____ | Case No. 19-13634<br><br><br><br>Adversary No. 20-01022<br><br><br>*EX PARTE* MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT; DECLARATION OF MARTIN L. SMITH |

   Plaintiff United States Trustee hereby moves for an order of default and default judgment against defendant Adeil M. Abdelrahman (the "Defendant"). In support of this motion, the United States Trustee asserts and alleges as follows:

   1.  This motion is brought pursuant to Fed. R. Bankr. P. 7012 and 7055, and Fed. R. Civ. P. 12 and 55.

   2.  The Defendant filed a chapter 7 petition in the Western District of Washington on October 3, 2019, initiating case no. 19-13634 (the "Main Case").

*EX PARTE* MOTION FOR DEFAULT JUDGMENT- 1

Office of the United States Trustee
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 20-01022-TWD Doc 4 Filed 04/20/20 Ent. 04/20/20 10:06:08 Pg. 1 of 7

3. The United States Trustee initiated the above-captioned adversary proceeding by filing a Complaint to Deny Debtor's Discharge (the "Complaint") on March 6, 2020.

4. A Summons and Notice of Pretrial Conference in an Adversary Proceeding (the "Summons") was issued by the Court on March 10, 2020. The Summons and the Complaint were served on the Defendant by U.S. Mail at 32906 46th Court SW, Federal Way, WA 98023, which was and still is the address for the Defendant set forth on the Official ECF docket in the Main Case. The documents were also served on the Defendant's bankruptcy attorney in the Main Case, Ajibola O. Oladapo, at Dearbonn Law Offices, 1001 4th Avenue – Ste 3200, Seattle, WA 98154. The service of the Summons and Complaint is evidenced by the Certificate of Service filed with the Court on March 11, 2020, as document no. 3 on the ECF docket.

5. Pursuant to Fed. R. Bankr. P. 7012 and the Summons, the Defendant was required to file and serve a motion or an answer to the Complaint within 30 days after the date of issuance of the Summons, *i.e.* on or before April 9, 2020. To date, no answer or other responsive pleading has been filed with the Court or received by the United States Trustee. Accordingly, the Defendant has failed to plead or otherwise defend as required by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure and the United States Trustee is entitled to a judgment by default.

6. Fed. R. Civ. P. 55(b)(2) (made applicable pursuant to Fed. R. Bankr. P. 7055) requires at least three days' notice of the application for default judgment where the party or the party's representative has made an appearance in the action. Otherwise, the default can be sought *ex parte* based upon declarations or other evidence of the party's failure to plead or otherwise defend. Here, there has been no appearance in this action by the Defendant, or any representative of the Defendant, and *ex parte* relief is appropriate. The Defendant's requisite failure to plead or defend is evidenced by the attached Declaration of Martin L. Smith and the Official ECF docket for this action.

7. Filed concurrently herewith is an Order of Default, and a Default Judgment Denying Discharge.

*EX PARTE* MOTION FOR DEFAULT JUDGMENT- 2

Office of the United States Trustee
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order for default and default judgment against the Defendant and for such other and further relief as the Court may deem just and proper.

DATED this 20th day of April, 2020.

                                              Respectfully submitted,

                                              Gregory M. Garvin
                                              Acting United States Trustee for Region 18

                                              By:    /s/ Martin L. Smith
                                                         Martin L. Smith, WSBA #24861
                                                         Attorney for United States Trustee

*EX PARTE* MOTION FOR DEFAULT JUDGMENT- 3

Office of the United States Trustee
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 20-01022-TWD    Doc 4    Filed 04/20/20    Ent. 04/20/20 10:06:08    Pg. 3 of 7

# DECLARATION OF MARTIN L. SMITH

I, Martin L. Smith, declare as follows:

1. I am a trial attorney employed by the United States Department of Justice in the Office of the United States Trustee, Region 18, Seattle, Washington. I represent the plaintiff, Gregory M. Garvin, Acting United States Trustee for Region 18, in the above-captioned adversary proceeding.

2. I have personal knowledge of the facts set forth herein and, if called as a witness, I would testify competently thereto.

3. To the best of my knowledge, Adeil M. Abdelrahman (the "Defendant"):

    a. has not appeared himself, or by a representative, in this action;

    b. was not a minor nor incapacitated at the time this action was commenced; and

    c. was not in the military service of the United States at the time this action was commenced or at any time since then. Attached hereto as **Exhibit A** is a true and correct copy of a Military Status Report issued by the U.S. Department of Defense Manpower Data Center verifying that it has no information indicating that the Defendant is currently on active duty in any branch of the U.S. military.

I declare under penalty of perjury that the foregoing is true and correct.
Executed this 20th day of April, 2020

                                      /s/ Martin L. Smith
                                      Martin L. Smith

*EX PARTE* MOTION FOR DEFAULT JUDGMENT- 4

Office of the United States Trustee
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 20-01022-TWD    Doc 4    Filed 04/20/20    Ent. 04/20/20 10:06:08    Pg. 4 of 7

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | **EXHIBIT A** |
| 26 | |

*EX PARTE* MOTION FOR DEFAULT JUDGMENT- 5

Office of the United States Trustee
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 20-01022-TWD    Doc 4    Filed 04/20/20    Ent. 04/20/20 10:06:08    Pg. 5 of 7



# Status Report
## Pursuant to Servicemembers Civil Relief Act

| | |
|---|---|
| SSN: | XXX-XX-9908 |
| Birth Date: | Dec-XX-1962 |
| Last Name: | ABDELRAHMAN |
| First Name: | ADEIL |
| Middle Name: | |
| Status As Of: | Apr-20-2020 |
| Certificate ID: | JRX57WXQLWWQS4R |

| On Active Duty On Active Duty Status Date ||||
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date ||||

| Left Active Duty Within 367 Days of Active Duty Status Date ||||
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date ||||

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date ||||
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty ||||

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Michael V. Sorrento*

Michael V. Sorrento, Director
Department of Defense - Manpower Data Center
400 Gigling Rd.
Seaside, CA 93955

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. ? 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q33) via this URL: https://scra.dmdc.osd.mil/faq.xhtml#Q33. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. ? 521(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC ? 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC ? 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC ? 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.